## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRENDAN HICKEY,
              Appellant,

      v.

DEPARTMENT OF HOMELAND
     SECURITY,
              Agency.

DOCKET NUMBER
PH-1221-15-0013-M-1

DATE:  July 24, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nicholas Woodfield</u>, Esquire, Washington, D.C., for the appellant.

<u>Carolyn D. Jones</u>, Esquire, Williston, Vermont, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The agency has filed a petition for review of the remand addendum initial decision, which granted, in part, the appellant's motion for attorney fees.  For the reasons discussed below, we GRANT the agency's petition for review.  Except as

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

expressly MODIFIED by this Final Order to recalculate the total amount awarded in attorney fees, we AFFIRM the initial decision.

## BACKGROUND

The procedural history of this appeal involves several prior decisions. In May 2017, the Board issued an initial decision in the appellant's individual right of action (IRA) appeal, granting corrective action, in part. *Hickey v. Department of Homeland Security*, MSPB Docket No. PH-1221-15-0013-W-2, Initial Decision (May 4, 2017). After neither party sought review of the initial decision, it became the Board's final decision. *See* 5 C.F.R. § 1201.113 (setting forth that an initial decision generally will become final 35 days after issuance if neither party files a petition for review).

The appellant subsequently filed a motion for attorney fees and costs related to his representation by two law firms: Corso Law and The Employment Law Group (TELG). *Hickey v. Department of Homeland Security*, MSPB Docket No. PH-1221-15-0013-A-1, Attorney Fee File (A-1 AFF), Tab 1. The administrative judge granted the appellant's motion in part, awarding the appellant $109,585 in attorney fees—$7,650 for Corso Law's services and $101,935 for TELG's services—and $12,547.47 for costs incurred by TELG. *Hickey v. Department of Homeland Security*, MSPB Docket No. PH-1221-15-0013-A-1, Addendum Initial Decision (A-1 AID) at 9-10, 19-20 (Nov. 30, 2017); A-1 AFF, Tab 9. Similarly, the appellant filed a motion for consequential and compensatory damages in connection with his IRA appeal. *Hickey v. Department of Homeland Security*, MSPB Docket No. PH-1221-15-0013-P-1, Appeal File (P-1 AF), Tab 1. The administrative judge subsequently granted the motion for compensatory damages in part, awarding the appellant $10,000 in such damages. *Hickey v. Department of Homeland Security*, MSPB Docket No. PH-1221-15-0013-P-1, Addendum Initial Decision (P-1 AID) at 8-14 (Jan. 29, 2018); P-1 AF, Tab 9. He denied the appellant's request for

consequential damages. P-1 AID at 6-7. The appellant did not seek review in either the attorney fees case or the compensatory damages case, and thus they became the Board's final decisions. *See* 5 C.F.R. § 1201.113.

The appellant subsequently appealed those decisions to the U.S. Court of Appeals for the Federal Circuit, challenging the calculation of his attorney fees, the amount of compensatory damages awarded, and the denial of his motion for consequential damages. *Hickey v. Department of Homeland Security*, 766 F. App'x 970, 973-74 (Fed. Cir. 2019). The court affirmed the Board's findings on compensatory and consequential damages, but it vacated the attorney fees determination and remanded to the Board for further proceedings. *Id.* at 979. Specifically, the court found that the Board abused its discretion in calculating the attorney fees for the work of TELG because it applied what it determined to be reasonable hourly rates for Maryland attorneys, a jurisdiction unrelated to the case. *Id.* at 975-76. The court observed that TELG had a retainer agreement with the appellant, and the firm practiced and was located in Washington, D.C. *Id.* After the court remanded the case to the Board, the Board remanded the case to the Northeastern Regional Office. *Hickey v. Department of Homeland Security*, MSPB Docket No. PH-1221-15-0013-M-1, Appeal File (M-1 AF), Tab 2.

The administrative judge issued a remand addendum initial decision modifying the amount awarded to the appellant. M-1 AF, Tab 6, Addendum Initial Decision (M-1 AID) at 1-2. Specifically, the administrative judge still awarded $7,650 in attorney fees for Corso Law's services and $12,547.47 for costs incurred by TELG, but he increased the award of attorney fees for TELG's services to $119,900. M-1 AID at 20.

The agency has filed a petition for review, arguing that the administrative judge erroneously computed the total amount due to TELG. Petition for Review (PFR) File, Tab 1 at 6-7, Tabs 5-6. The appellant has responded to the petition for review. PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The parties do not challenge the decision of the Federal Circuit as it concerns costs, attorney fees associated with Corso Law, compensatory damages, and consequential damages. M-1 AF, Tab 1. As such, those matters are not at issue here.[2] Rather, the only issue before us here is the amount of attorney fees awarded for TELG's work on the appellant's case. After reviewing the party's submissions and disallowing various entries, the administrative judge approved $119,900 in attorney fees as billed by TELG. M-1 AID at 11-19. Neither party challenges the total hours allowed, nor the hourly rate applied. Rather, the agency argues that the administrative judge committed a mathematical error in calculating the total amount of attorney fees. PFR File, Tab 1 at 6-7. Per the agency, the total amount owed for TELG's billed hours is $112,900. *Id.* The appellant on review does not oppose the agency's requested modification of the fee award to TELG, and we agree with the parties. PFR File, Tab 3 at 4.

When the prevailing party did not obtain all the relief requested, as here, the most useful starting point for determining reasonable attorney fees is to calculate the lodestar by multiplying the hours reasonably spent on the litigation by a reasonable hourly rate. *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 10 (2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see Guy v. Department of the Army*, 118 M.S.P.R. 45, ¶¶ 5, 8 (2012) (finding the lodestar appropriate for calculating attorney fees in an IRA appeal). The initial calculation should exclude hours for which the prevailing party failed to provide adequate documentation, and also should exclude hours that were not reasonably expended. *Driscoll*, 116 M.S.P.R. 662, ¶ 10. The fee agreed to by the appellant

---

[2] Although not raised by the parties on review, we clarify the administrative judge's statement in the remand addendum initial decision that the appellant's request for attorney fees for work related to the appellant's petition for compensatory and consequential damages was "premature." M-1 AID at 18. Rather, those fees were addressed in a different addendum initial decision related to a separate fee petition. *Hickey v. Department of Homeland Security*, MSPB Docket No. PH-1221-15-0013-A-2, Addendum Initial Decision (July 5, 2018). Neither party sought review of that decision, and it is now final. *See* 5 C.F.R. § 1201.113.

and the attorney is presumed to be the maximum reasonable fee that may be awarded. *Krape v. Department of Defense*, 97 M.S.P.R. 430, ¶ 12 (2004).

The administrative judge properly used the lodestar method to calculate the reasonable attorney fees. M-1 AID at 4-5. He found that the fee agreement executed between TELG and the appellant provided, among other things, an hourly rate of $490 for principals and of counsel, and $145 for the firm's law clerks and investigators. M-1 AID at 11. The administrative judge found that these amounts represented the reasonable hourly fees for TELG's work on the case. M-1 AID at 12-13. The parties do not challenge this finding on review, and we discern no reason to disturb it.

Regarding the total hours worked by individuals at TELG, the administrative judge did not set forth the calculated total hours, but rather, he disallowed some of the specific hours claimed by the appellant. M-1 AID at 13-19. The agency on review provided highlighted copies of the allowed hours claimed for the two principal attorneys from TELG who worked on the appellant's case. PFR File, Tabs 5-6. As set forth by the agency, one individual worked 181.2 allowed hours, and the other worked 4.2 allowed hours. PFR File, Tab 1 at 7, Tabs 5-6. These individuals, billed at the hourly rate of $490 as set forth in the fee agreement, accounted for $90,846 in attorney fees. PFR File, Tab 1 at 7, Tabs 5-6. Moreover, the administrative judge did not disturb his prior computation of the amount to be paid for the work of TELG's law clerks. M-1 AID at 13-19; A-1 AID at 12-18. Per the agency, the claimed hours allowed by the administrative judge for law clerk work totaled 152.1, amounting to $22,054 in attorney fees.[3] PFR File, Tab 1 at 7, 8 n.3. Thus, the total attorney fees awarded calculates to $112,900. The administrative judge's calculated total

---

[3] The agency notes on review that the total clerk hours allowed (152.1) multiplied by the retainer fee agreement ($145) actually computes to $22,054.50, or $0.50 more than the administrative judge computed. PFR File, Tab 1 at 8 n.3. However, the agency suggests that the administrative judge rounded down to $22,054. Neither party challenges the $0.50 difference on review. *Id.* We therefore decline to disturb it.

of $119,900 is incorrect, likely due to a mathematical error. As previously noted, the appellant does not challenge the agency's calculation of the attorney fees awarded. PFR File, Tab 3 at 4. Accordingly, we modify the initial decision to reflect that the attorney fees awarded based on TELG's billed hours is $112,900.

## ORDER

We ORDER the agency to pay the appellant $120,550 in attorney fees and $12,547.47 in costs. The agency must complete this action no later than 20 days after the date of this decision. Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

We also ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[5]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.   Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

                                  *Gina K. Grippando*
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.